UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cr-00311

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **PAUL STIEP,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant Paul Stiep's Motion for Reconsideration re Order of Detention. (Doc. No. 374).

The motion is **DENIED**. As the parties are well aware, this Court revoked Stiep's bond after he and co-defendant Manny Chavez violated the Court's sequestration order twice on the first day of Chavez's trial in July 2021. At Stiep's bond revocation hearing, the Government proffered to the Court information relating to communications between Stiep and Chavez, including on the first day of trial and, separately, within minutes of Stiep meeting with the Government ostensibly to prepare testimony as a cooperating trial witness. (Tr. of Revocation of Bond Hr'g, at 2-8 (July 9, 2021)). The Government also reminded the Court of the concerning incident involving Stiep, at Chavez's request, contacting Stiep's former girlfriend for the purpose of aligning versions of what took place in the fraudulent telemarketing sweepstakes conspiracy at issue in this case. Id.

Stiep previously contacted another trial witness, his former girlfriend, for the purpose of influencing her testimony. His communications with Chavez demonstrate that the two were colluding regarding Stiep's own trial testimony. During trial, Stiep and Chavez brazenly violated

1

the Court's sequestration order. Co-defendant Roger Roger remains in the process of extradition to the United States and faces an expected trial in 2022. Stiep, therefore, continues to be a danger to the community and to the integrity of the ongoing proceedings before the Court in this case. See 18 U.S.C. §§ 3143(a) & 3148(b)(2)(A). Additionally, Stiep repeatedly lied to the Government and his own former counsel regarding his contact with Chavez leading up to trial.

Finally, even if there were any conditions of release that appropriately could protect against Stiep's past conduct, Stiep has demonstrated that the Court cannot trust him to abide by any such conditions. See 18 U.S.C. § 3148(b)(2)(B).

For these reasons, the Court denies Stiep's motion.

**IT IS SO ORDERED**.

Signed: January 24, 2022

Max O. Cogburn Jr
United States District Judge