UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cr-00311

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **PAUL STIEP**, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's motion for reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). The Government opposes Defendant's motion. (Doc. No. 514). Because Defendant is ineligible for sentence reduction under Amendment 821, the Court will deny Defendant's motion.

## I. Background

In September 2018, Defendant was charged by Indictment with 20 counts for his role in an international telemarketing scheme. (Doc. No. 3). In June 2021, Defendant entered into a plea agreement with the government, and in July 2021 Defendant pled guilty to three counts: Conspiracy to Commit Wire and Mail Fraud, in violation of 18 U.S.C § 1349; Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); and International Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(2)(A). (Doc. No. 264).

The probation office submitted a presentence report, which assigned Defendant a total offense level of 31 and a criminal history category of I. (Doc. No. 325 ¶¶ 59, 65). Based on his offense level and criminal history category, the probation office found that the Sentencing Guidelines advised a sentence between 108 and 135 months in prison. (Id. ¶ 87).

1

At sentencing, the Government requested an offense level of 36. The government objected to the probation office's decision not to include a two-level increase for obstruction of justice, and to the probation office's decision to include a three-level reduction for Defendant's acceptance of responsibility. (Doc. No. 435 at 11:9–13). The Court largely overruled the government's objections but agreed that Defendant had not accepted full responsibility based on his actions at trial and therefore would not be entitled to an additional one-level reduction pursuant to USSG § 3E1.1(b). (Doc. No. 450 at 1). At sentencing, the Court also granted a downward variance, decreasing the offense level from 32 to 28. (Id. at 3). The Court then sentenced Defendant to 84 months in prison. (Doc. 43 at 46:4).

## II.   Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has

2

(1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for

substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.     Analysis**

Here, Defendant is ineligible for sentence reduction under Amendment 821. That's because Defendant already a received a sentence below the Guidelines range that would have applied had Amendment 821 been in effect when Defendant was sentenced. At sentencing, the Court partially granted the Government's objection with respect to acceptance of responsibility and calculated an offense level of 32. But the Court then varied downward to an offense level of 28. Providing Defendant with a two-level reduction pursuant to Amendment 821 would result in a new offense level of 30. And the Guidelines range for a criminal history category of I and an offense level of 30 is 97 to 121 months imprisonment. Even if the Court had applied a two-point reduction to the probation office's proposed offense level of 31, the result would be an offense level of 29, and a Guidelines range of 87 to 108 months.

Because this Court varied downward to an offense level of 28, and sentenced Defendant to only 84 months—a sentence lower than the Guidelines range that would have applied had Amendment 821 been in effect at the time he was sentenced—Defendant is ineligible for sentence reduction under Amendment 821. See USSG 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."); see also, United States v. Stewart, 595 F.3d 197, 202 (4th Cir. 2010) (explaining that § 1B1.10 does not authorize a court to reduce a defendant's

4

sentence if the original sentence constituted a downward variance based on the sentencing considerations described in 18 U.S.C. § 3553(a)).

Defendant also requests the assistance of counsel to litigate this motion. But Defendant is not entitled to appointed counsel. A criminal defendant has no Sixth Amendment right to the assistance of counsel on a Section 3582(c) motion. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). Nor does Defendant have a statutory right to the assistance of counsel on such a motion. While the Court could, in its discretion, appoint counsel, the Court finds that appointment is unnecessary because Defendant is clearly ineligible for sentence reduction under Amendment 821.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence under Amendment 821 is **DENIED**.

Signed: February 21, 2024

Max O. Cogburn Jr
United States District Judge